**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CC: BANKRUPTCY COURT**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6985 PSG;<br>CV 07-1142 PSG;<br>CV 07-3253 PSG;√ BK 05-50140AA | Date | August 18, 2008 |
|---|---|---|---|
| Title | In re Urban Hotels, Inc. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order on Urban's Three Appeals of the Bankruptcy Court's Orders**

I.   BACKGROUND

   Urban Hotels, Inc. ("Urban") filed for bankruptcy in this federal district, and the case was assigned to Bankruptcy Judge Alan M. Ahart. The Bankruptcy Court case number was LA-05-50140 (AA), and the Adversary number was LA AD 06-1508 (AA). During the contentious bankruptcy proceedings, Urban appealed three of Judge Ahart's orders. First, on November 2, 2006, Urban filed a notice of appeal of Judge Ahart's summary judgment order. The appeal was initially assigned to District Judge Virginia A. Phillips. The appeal was briefed in late 2006, and on February 27, 2007, the appeal was transferred to this Court. Now that the appeal is before this Court, its district court case number is CV 06-6985 PSG.

   Second, on February 20, 2007, Urban appealed Judge Ahart's order overruling Urban's objection to a claim entered by Cardiff Equities on December 13, 2006. This second appeal was also initially assigned to Judge Virginia A. Phillips, but on March 27, 2007, the appeal was transferred to this Court. This second appeal has a district court case number of CV 07-1142 PSG. Then, on May 1, 2007, Urban lodged a request for dismissal of this appeal. This dismissal request is currently pending before the Court.

   Third, on May 17, 2007, Urban filed its last appeal of Judge Ahart's orders. Urban appealed Judge Ahart's April 18, 2007 order denying Urban's motion for an order to extend time

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CC: BANKRUPTCY COURT**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6985 PSG;<br>CV 07-1142 PSG;<br>CV 07-3253 PSG;√ | Date | August 18, 2008 |
|---|---|---|---|
| Title | In re Urban Hotels, Inc. | | |

to file an appeal. This appeal has a district court case number of CV 07-3253 PSG.

Presently, the three appeals are all fully briefed, and the Court addresses all three appeals with this order.

II.   DISCUSSION

    A.   **Jurisdiction**

This Court has jurisdiction to hear Urban's appeals under 28 U.S.C. § 158(a). That statute deals with appeals from bankruptcy judges' orders and states:

The district courts of the United States shall have jurisdiction to hear appeals

    (1) from final judgments, orders, and decrees; ... and

    (3) with leave of the court, from other interlocutory orders and decrees;

and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. § 158(a).

    B.   **Appeal CV 07-1142 PSG**

Also, the Court grants appellant Urban's request to dismiss appeal CV 07-1142 PSG. Thus, that case is closed.

    C.   **Appeal CV 06-6985 PSG**

        1.   The Bankruptcy Court's Summary Judgment Ruling

In this appeal, Urban challenges the bankruptcy court's summary judgment order. On

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CC: BANKRUPTCY COURT**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6985 PSG; <br> CV 07-1142 PSG; <br> CV 07-3253 PSG;√ | Date | August 18, 2008 |
|---|---|---|---|
| Title | In re Urban Hotels, Inc. | | |

September 21, 2006, Judge Ahart signed the Defendant Seemyun Kymm's ("Kymm") proposed summary judgment order, and the order was entered on September 22, 2006. (Appellant's Excerpts of Record ("EoR"), Exh. L.)

    In the summary judgment order, Judge Ahart found that:

(1)     Urban entered into an agreement to sell LA Plaza Hotel to Ebus, Inc. ("Ebus"). (EoR, Exh. L, ¶ 3.)
(2)     Later, Urban also entered into "Hotel Purchase and Sale and Related Agreements" (the "Agreement") to sell the same hotel to Kymm, and an Escrow was opened with First American Title Co. (Id., ¶ 2.) Escrow instructions were issued, as well as Escrow General Provisions. (Id.)
(3)     Ebus was awarded the purchase of the hotel at a higher purchase price by the Court. (Id., ¶ 3.) The Court denied the Kymm and Urban transaction on February 22, 2006. (Id.)
(4)     The Agreement between Urban and Kymm was contingent and subject to the Court's approval pursuant to Recital D of the Agreement. (Id., ¶ 4.) Section 2.2.3 of the Agreement further provided for bankruptcy court approval and a Sale Order by the Court. (Id.) Section 2.2 also stated that if such condition was not fulfilled, then the Agreement would terminate and the Deposit would be disposed of in accordance with Article IV of the Agreement, wherein the Deposit pursuant to Section 4.2 of the Agreement, with interest accrued pursuant to Section 4.1 of the Agreement, would be returned to Kymm. (Id.)
(5)     "The termination by KYMM under the Agreement is enforceable, and since no Court Approval was ever obtained Summary Judgment in favor of KYMM against URBAN is granted. Plaintiff URBAN and escrow, First American Title Company, are to release the $300,000 held in escrow forthwith to KYMM, with any and all interest that has accrued on such sum up to and including the release of the $300,000 deposit." (Id., ¶ 6.)

    From Judge Ahart's findings, the sole basis for the summary judgment ruling was the fact that the bankruptcy court never approved the sale of the LA Plaza Hotel to Kymm. Therefore, based on the terms of the Agreement, the Agreement terminated and Kymm was entitled to a refund of his $300,000 deposit, plus interest.

    Presently, Urban challenges the bankruptcy court's summary judgment order. Urban argues that the bankruptcy court "made erroneous findings of fact that the contract at issue was

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CC: BANKRUPTCY COURT**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6985 PSG;<br>CV 07-1142 PSG;<br>CV 07-3253 PSG;√ | Date | August 18, 2008 |
|---|---|---|---|
| Title | In re Urban Hotels, Inc. | | |

not intended by the parties to be enforceable until it was approved by the Court." (Appellant's Opening Brief, p. 3.) Urban further argues that "[t]he court's erroneous conclusions of law include the ruling that the agreement could not be enforced because it was not approved by the bankruptcy court." (Id.)

   2.  Standard of Review

  Federal Rule of Bankruptcy Procedure 8013 establishes that:

  On appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy courts to judge the credibility of the witnesses.

Fed. R. Bank. Proc. 8013. However, the bankruptcy court's conclusions of law are reviewed de novo. *In re Marquam Inv. Corp.*, 942 F.2d 1462, 1465 (9th Cir. 1991).

   3.  Review of the Bankruptcy Court's Summary Judgment Decision

  In this case, appellant appeals the bankruptcy court's decision and states that there are three issues on appeal. Appellant frames the issues as: (1) "[s]hould the MSJ been granted [sic] based on the fact that the agreement was never approved by the court?"; (2) "[i]s there a triable issue as to whether or not there was a structural problem?"; and (3) "[d]id the MSJ have sufficient evidence to prove that there was a structural problem or that buyer had any other basis to unilaterally terminate the agreement?" However, because Judge Ahart's summary judgment ruling rested solely on the first issue, this Court will only consider the issue of whether the summary judgment motion was properly granted based on the fact that the sale agreement was never approved by the bankruptcy court.

  After consideration of Judge Ahart's summary judgment ruling, this Court finds that Urban's challenge to the bankruptcy court's factual findings fails. Urban's factual challenge fails because the only fact that Judge Ahart relied on for his decision is undisputed. Judge Ahart's sole factual finding was that the bankruptcy court never approved the Urban hotel sale to Kymm. Urban claims that Judge Ahart "made erroneous findings of fact that the contract at

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CC: BANKRUPTCY COURT**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6985 PSG; CV 07-1142 PSG; CV 07-3253 PSG;√ | Date | August 18, 2008 |
|---|---|---|---|
| Title | In re Urban Hotels, Inc. | | |

issue was not intended by the parties to be enforceable until it was approved by the Court." (Appellant's Opening Brief, p. 3.)  However, Judge Ahart made no such factual findings anywhere in the summary judgment order.  Urban cannot challenge factual findings that were never made.

The heart of Urban's challenge lies in its claim that the bankruptcy court's legal conclusions about the Agreement were incorrect.  Urban argues that "[t]he court's erroneous conclusions of law include the ruling that the agreement could not be enforced because it was not approved by the bankruptcy court." (Id.)  The Court reviews these legal conclusions de novo.

However, the Court's review of the Agreement leads to the same conclusion reached by Judge Ahart.  The Agreement contains several provisions that make clear that execution of the Agreement was subject to the bankruptcy court's approval.  Section 2.1 of the Agreement relating to closing states:

> Subject to Bankruptcy Court approval, the closing hereunder (the "Closing") in respect of the Property and payment of the consideration thereof shall occur on or before the date (the "Closing Date") which is twenty (20) days following the expiration of the Due Diligence Period.  The closing shall occur in Los Angeles, California, at a place to be mutually agreed upon by the parties hereto.  Seller shall deliver possession of the Property to Purchaser at closing.

(EoR, Exh. F, p. 93.)  Also, Section 2.2 regarding conditions precedent states:

> The obligation of Purchaser to acquire, and Seller to transfer, the Property as contemplated by this Agreement is subject to satisfaction of each of the following conditions precedent (any of which may be waived in writing by the party in whose favor such condition exists) on or before the applicable date specified for satisfaction of the applicable condition. If any of such conditions is not fulfilled (or waived) pursuant to the terms of this Agreement, then this Agreement shall terminate and, in connection with any such termination made in accordance with this Section 2.2, Seller and Purchaser shall be released from further obligation or liability hereunder (except for those obligations and liabilities which expressly survive such termination), and the Deposit shall be disposed of in accordance with Article IV.  The Closing shall constitute approval by each party of all

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CC: BANKRUPTCY COURT**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6985 PSG;<br>CV 07-1142 PSG;<br>CV 07-3253 PSG;√ | Date | August 18, 2008 |
|---|---|---|---|
| Title | In re Urban Hotels, Inc. | | |

matters to which such party has a right of approval and a waiver of all conditions precedent.

...

> 2.2.3 <u>Bankruptcy Court Approval</u>. The Bankruptcy Court will have entered a Sale Order ... pursuant to a motion or motions described in Article XV below in a form reasonably acceptable to Purchaser and Seller, and no stay of the Sale Order shall be in effect.

(Id., p. 94.) Finally, Section 15.1 relates to bankruptcy court approval, and its subsections state:

> 15.1.1 By no later than three (3) business days after execution of this Agreement by both Purchaser and Seller, Seller shall file a motion or motions with the Bankruptcy Court seeking approval of (i) the sale of the Property, and the Breakup Fee as provided in Section 15.2 hereof, ... (the hearing on such motion or motions called the "Sale Hearing"). Seller shall use its best efforts to have the Sale Hearing held and the appropriate orders issued, on or before thirty (30) days of the filing of such motion or motions.

> 15.1.2 At the Sale Hearing, Seller shall seek an order of the Bankruptcy Court authorizing, among other things Seller to sell the business and convey the Property to Purchaser pursuant to this Agreement and 11 U.S.C. § 363, free and clear of all liens, claims, encumbrances, and other interests (including any and all interests in the Transferred Assets within the meaning of the Bankruptcy Code Section 363(f), except for Assumed Liabilities, ... The Seller shall propose to the Bankruptcy Court an order containing, among other things, that (i) Purchaser shall be deemed a good faith purchaser of the Property in accordance with the provisions of 11 U.S.C. § 363(m), (ii) to facilitate the transfer of the Property ... and (iii) notwithstanding the provisions of Federal Rule of Bankruptcy Procedure 6004(g) with respect to the sale of assets, and Federal Rule of Bankruptcy Procedure 6006(d) with respect to any executory contract or unexpired lease assumed and assigned with such sale of the Property, the proposed Order shall be effective immediately after its entry (the "Sale Order").

(EoR, Exh. F, pp. 104-05.)

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CC: BANKRUPTCY COURT**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6985 PSG;<br>CV 07-1142 PSG;<br>CV 07-3253 PSG;√ | Date | August 18, 2008 |
|---|---|---|---|
| Title | In re Urban Hotels, Inc. | | |

These provisions explicitly and unambiguously establish that the Agreement was contingent on the bankruptcy court's approval. Under Section 2.1, closing was "[s]ubject to Bankruptcy Court approval." Also, Under Section 2.2, the Agreement terminates if conditions precedent are not satisfied, one of which is the bankruptcy court's entry of a Sale Order pursuant to Section 2.2.3. Finally, under Section 15.1.1, the Agreement established the procedure by which the parties were to seek the bankruptcy court's approval and Sale Order.

Because it is undisputed that the bankruptcy court never approved the Agreement, the Agreement terminated. Furthermore, under the terms of the Agreement, Kymm was entitled to his $300,000 deposit, plus interest. Urban attempts to dispute the effect of these provisions of the Agreement by citing other unrelated provisions that are irrelevant to the summary judgment order. However, none of the other provisions cited by Urban change the effect of the bankruptcy court approval provisions in the Agreement. Thus, Judge Ahart's legal conclusion in his summary judgment order that the Agreement was terminated was correct and must be upheld.

### D. Appeal CV 07-3253 PSG

#### 1. Background

In Urban's third appeal, Urban challenges Judge Ahart's denial of Urban's motion to extend time to file an appeal. On December 13, 2006, the bankruptcy court entered an order denying Urban's objection to the claim of Urban's creditor, Cardiff Equities, Inc. ("Cardiff"). (Excerpt of Record ("EoR"), Exh. B.) In that order, the bankruptcy court allowed Cardiff's claim against Urban. (Id.) Shortly afterwards, Urban filed a motion for an order vacating the December 13, 2006 order. However, on January 24, 2007, Urban lodged an withdrawal of its motion for an order vacating the December 13, 2006 order. (EoR, Exh. C.)

Then on February 6, 2007, Urban filed an "Appeal of Order Overruling Objection to Claim of Cardiff Equities." (EoR, Exh. E.) However, this appeal was one day late, as Urban itself acknowledges. (EoR, Exh. F, p. 2.) Because of its late appeal, Urban then filed on February 23, 2007 a "Motion for Order Extending Time to File Appeal Based on FRBP 8002(c)(2) for Excusable Neglect." (EoR, Exh. F.) Judge Ahart denied Urban's motion to extend time, stating that Urban's appeal was filed too late and that he found no excusable neglect. (EoR, Exh. J, p. 98, lines 3-24.)

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CC: BANKRUPTCY COURT**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6985 PSG;<br>CV 07-1142 PSG;<br>CV 07-3253 PSG;√ | Date | August 18, 2008 |
|---|---|---|---|
| Title | In re Urban Hotels, Inc. | | |

      B.      Standard of Review

"Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous ..." Fed. R. Bank. Proc. 8013. However, the bankruptcy court's conclusions of law are reviewed de novo. *In re Marquam Inv. Corp.*, 942 F.2d 1462, 1465 (9th Cir. 1991).

      C.      Review of the Bankruptcy Court's Decision

In this case, the Court reviews de novo the bankruptcy court's legal conclusion that Urban failed to show "excusable neglect" to justify an extension of time to file its appeal. The United States Supreme Court has provided guidance to determine whether "excusable neglect" is established in bankruptcy cases. In discussing "excusable neglect" under another bankruptcy rule, Federal Rule of Bankruptcy Procedure 9006, the Supreme Court explained that the inquiry into "excusable neglect" is an equitable inquiry. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 389, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). Further,

> [b]ecause Congress [] provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' [the Supreme Court] conclud[ed] that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. ... These include ... the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* at 395.

Finally, the Supreme Court noted that, in *Pioneer*, it was appropriate to find that "clients must be held accountable for the acts and omissions of their attorneys." *Id.* at 396 (citation omitted). Also, "[i]n assessing the culpability of respondents' counsel, we give little weight to the fact that counsel was experiencing upheaval in his law practice at the time of the bar date." *Id.* at 398.

In this case, the bankruptcy court correctly determined that Urban failed to show

**O**

**UNITED STATES DISTRICT COURT**  JS - 6
**CENTRAL DISTRICT OF CALIFORNIA**

**CC: BANKRUPTCY COURT**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6985 PSG;<br>CV 07-1142 PSG;<br>CV 07-3253 PSG;√ | Date | August 18, 2008 |
|---|---|---|---|
| Title | In re Urban Hotels, Inc. | | |

excusable neglect for its late-filed appeal. Urban's counsel attempts to excuse the late-filed appeal by stating that he was experiencing an unusually busy time in his law practice. Urban's counsel states:

> The Order frankly got lost on his desk. This failure [to file a timely appeal] was due to the volume of work at the time of Mr. Hayes, a sole practitioner. Mr. Hayes was counsel for a debtor in a chapter 11 case pending in Santa Ana for which a five day trial was conducted in January, 2007 ... In addition, Mr. Hayes was counsel of record for the debtor in four other chapter 11 cases at that time in addition to Urban Hotels and the [Santa Ana] case.

(Appellant's Opening Brief, p. 3.) However, the fact that Urban's counsel was very busy does not establish excusable neglect. As in *Pioneer*, it is appropriate to give "little weight to the fact that counsel was experiencing upheaval in his law practice." *Pioneer*, 507 U.S. at 398. Also, unlike in *Pioneer*, allowance of Urban's late-filed appeal would seriously threaten efficient judicial administration of the bankruptcy proceeding. As discussed in this Order, Urban has filed at least one other clearly non-meritorious appeal, and Urban's pattern of appeals suggest that it seeks to delay efficient resolution of its bankruptcy proceedings.

In summary, the Court finds that the bankruptcy court properly concluded that Urban failed to show excusable neglect. Thus, the Court affirms Judge Ahart's denial of Urban's motion for an extension of time to file an appeal.

III. <u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTS Urban's withdrawal of its appeal in **CV 07-1142 PSG**. Also, in **CV 06-6985 PSG,** the Court AFFIRMS the bankruptcy court's summary judgment ruling. Finally, in **CV 07-3253 PSG**, the Court AFFIRMS the bankruptcy court's order denying Urban's motion for an extension of time to file a late appeal.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CC: BANKRUPTCY COURT**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6985 PSG;<br>CV 07-1142 PSG;<br>CV 07-3253 PSG;√ | Date | August 18, 2008 |
|---|---|---|---|
| Title | In re Urban Hotels, Inc. | | |

**IT IS SO ORDERED.**

# NOTICE PARTY SERVICE LIST

**Case No.** _____     **Case Title** _____

**Title of Document** _____

| | | | | |
|---|---|---|---|---|
| ☐ | ADR | | ☐ | US Attorneys Office - Civil Division -L.A. |
| ☐ | BAP (Bankruptcy Appellate Panel) | | ☐ | US Attorneys Office - Civil Division - S.A. |
| ☐ | Beck, Michael J (Clerk, MDL Panel) | | ☐ | US Attorneys Office - Criminal Division -L.A. |
| ☐ | BOP (Bureau of Prisons) | | ☐ | US Attorneys Office - Criminal Division -S.A. |
| ☐ | CA St Pub Defender (Calif. State PD) | | ☐ | US Bankruptcy Court |
| ☐ | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | | ☐ | US Marshal Service - Los Angeles (USMLA) |
| ☐ | Case Asgmt Admin (Case Assignment Administrator) | | ☐ | US Marshal Service - Riverside (USMED) |
| ☐ | Catterson, Cathy (9th Circuit Court of Appeal) | | ☐ | US Marshal Service -Santa Ana (USMSA) |
| ☐ | Chief Deputy Admin | | ☐ | US Probation Office (USPO) |
| ☐ | Chief Deputy Ops | | ☐ | US Trustee's Office |
| ☐ | Clerk of Court | | ☐ | Warden, San Quentin State Prison, CA |

| | |
|---|---|
| ☐ | Death Penalty H/C (Law Clerks) |
| ☐ | Dep In Chg E Div |
| ☐ | Dep In Chg So Div |
| ☐ | Federal Public Defender |
| ☐ | Fiscal Section |
| ☐ | Intake Section, Criminal LA |
| ☐ | Intake Section, Criminal SA |
| ☐ | Intake Supervisor, Civil |
| ☐ | PIA Clerk - Los Angeles (PIALA) |
| ☐ | PIA Clerk - Riverside (PIAED) |
| ☐ | PIA Clerk - Santa Ana (PIASA) |
| ☐ | PSA - Los Angeles (PSALA) |
| ☐ | PSA - Riverside (PSAED) |
| ☐ | PSA - Santa Ana (PSASA) |
| ☐ | Schnack, Randall (CJA Supervising Attorney) |
| ☐ | Statistics Clerk |

☐ ***ADD NEW NOTICE PARTY***
**(if sending by fax, mailing address must also be provided)**

Name:

Firm:

Address (*include suite or floor*):

*E-mail:

*Fax No.:

\* For CIVIL cases only

***JUDGE / MAGISTRATE JUDGE (list below):***

**Initials of Deputy Clerk** _____